REDMANN, Judge
(dissenting).
First, any penalty clause ought to be strictly construed, since the law disfavors penalties. This penalty clause is especially harsh under the circumstances.
The contract provides for cancellation only for continued “default for a period of 30 days after written notice thereof by Lessor” (Art. XIV). The contract specifies, in art. XIX, “Notices hereunder shall be in writing signed by the party serving same * * The notice “by Lessor” was not signed by him, “the party”, but by his lawyer (if by anyone).
Second, of the affidavits in support of the motion for summary judgment one does not “set forth such facts as would be admissible in evidence” and a second does not “show affirmatively that the affiant is competent to testify to the matters stated therein”, C.C.P. art. 967.
The principal affidavit, that of the Lessor, only recites “That he is the plaintiff in this case and that he is familiar with the facts set forth in the petition and supplemental and amending petition herein and that he knows these facts of his own personal knowledge.” This is no more than the traditional verification of the petition, and does not, in my opinion, meet the requirement of C.C.P. art. 967.[1] (And I add it is highly improbable that the lessor had any personal knowledge of the 30-day notice matter, since his lawyer allegedly gave that notice.)
Plaintiff’s attorney’s affidavit is that “he did cause to be written” a letter of notice of default dated September 2, 1970, and “that said letter was mailed to Mr. Curro on September 3, 1970 * * Affiant does not say he mailed it or otherwise set forth his competence as required by C.C.P. art. 967.
He attaches the postal form “Receipt for Certified Mail”, but it bears no date of mailing; and he attaches the return receipt, which shows receipt September 9, six days after the alleged mailing.
Third, in respect to the question whether the 30-day period essential to plaintiff’s cause of action expired prior to suit, I would interpret the notice-from-mailing provision as applicable only when actual delivery of notice cannot be had. The whole purpose of such a provision is to en *170 able a lessor to cancel when the required return receipt cannot be had because the lessee has disappeared and thus cannot actually be notified as the lease primarily states and intends.
Thus in my opinion the petition does not state a cause of action.
Fourth, the defendant’s affidavit in opposition to the motion for summary judgment recites in part “That the leased premises were always covered by insurance as required by the lease; that moreover, plaintiff through his attorneys, led affiant to believe that he had satisfied all of the insurance requirements of the lease, thereby waiving any minor technical omission concerning insurance due under the lease.” This presents a disputed issue of material fact, precluding summary judgment.

. The only facts set forth by Lessor are that certain rent was not paid. No 30-day notice of rent nonpayment was made, and in fact under other terms of the lease, no rent is due because construction is incomplete.
A later affidavit shows a notice dated February 3, 1971 that insurance was being cancelled-, but lessee presents an affidavit that the February 3 notice can-celled effective February 15, and meanwhile on February 12th other insurance was acquired. Moreover, again, no 30-day notice was given for failure to have insurance after February 3 (or 15th).